■ In the Matter of ALLEN WILLIAMS, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Wallkill Correctional Facility in Ulster County, was subject to a Superintendent's proceeding arising from a charge that he acted as an accessory to an assault on another inmate by providing the perpetrator with the weapon used. Petitioner denied the charge, claiming as a defense that he was working in the mess hall until after 1:00 P.M. on the date in question and was then in the television room between 1:00 P.M. and 2:00 P.M., during which time the incident occurred. Petitioner was served with an inmate misbehavior report signed by Sergeant D'Ambrosio. He was assigned an employee assistant to aid him in answering the charge and requested three witnesses: Correction Officer Walter Alexander, inmate Jeffrey Jones and inmate Curtis Holmes. They were expected to testify that petitioner was in the television room at the time of the incident.

Petitioner advised the Hearing Officer at the commence-

ment of the hearing that he was not completely sure of what the charge against him was or what the details giving rise to the charge were. Following petitioner's plea of not guilty to the charge, the hearing was discontinued to allow Alexander to testify. Subsequently, Alexander testified that he did not recall seeing petitioner at the time the incident took place. The Hearing Officer advised petitioner that Jones had refused to participate and had signed a refusal form indicating that he did not know enough about the specific incident to provide relevant testimony. He also advised that Holmes also signed a form indicating that he did not know enough about the specific incident and that he declined to be at the hearing as petitioner's witness. The Hearing Officer informed petitioner that he had information that the accessory charge was a fact, but that because the Hearing Officer wanted to investigate other sources and be fair he would adjourn the hearing.

On October 26, 1987 the Hearing Officer found petitioner guilty of the violation charged, basing his findings on the misbehavior report and an interview of the victim by D'Ambrosio in which the victim identified petitioner from 10 photos as the inmate who passed a weapon to the perpetrator. Petitioner objected to the Hearing Officer's consideration of this interview and his failure to provide petitioner with a copy. The Hearing Officer imposed a penalty of 270 days' confinement in the special housing unit with loss of commissary and telephone privileges, and nine months' loss of good time. The determination was affirmed by the Department Review Board on behalf of respondent.

Petitioner then commenced this CPLR article 78 proceeding seeking to annul the determination, to expunge all references from petitioner's record and prohibit respondent from conducting a new Superintendent's proceeding based on the same misbehavior report. The matter was transferred to this court.

Petitioner was denied due process by the Hearing Officer's denial of his right to call witnesses. There is no evidence in the record to indicate that the Hearing Officer ever questioned the two inmates who signed the inmate refusal forms personally or informed them that they were requested as alibi witnesses only and not as eyewitnesses to the alleged assault incident. Use of these inmate refusal forms impermissibly denied petitioner his right to call witnesses as provided by 7 NYCRR 254.5 (a) (see, Matter of Silva v Scully, 138 AD2d 717). This is also a denial of an inmate's due process right to call witnesses at his disciplinary hearing (see, Wolff v McDonnell, 418 US 539).

In the instant case, the witness refusal forms, by not indicating whether the witness lacked knowledge with respect to petitioner's alibi or the assault incident itself, were insufficient to justify the refusal of the witnesses to testify. The witnesses' refusal, together with the Hearing Officer's failure to interview them concerning their knowledge, served to deny petitioner his right to call witnesses.

Respondent's contention that petitioner had waived his right to call witnesses, by stating to the Hearing Officer that he did not request any witnesses and by not objecting to the Hearing Officer's failure to produce or interview the witnesses, is rejected. Petitioner did not acquiesce in the refusal of the witnesses to testify, and he was not told if the witnesses refused to testify because they lacked sufficient knowledge of the assault, or because they were told they were requested as alibi witnesses and they responded that they lacked sufficient knowledge with regard to petitioner's whereabouts at the time of the assault. Further, since Alexander was unable to substantiate petitioner's alibi, these witnesses could not be excused as duplicative or insignificant. Moreover, the constitutional right to call witnesses is not waivable unless it is shown that the inmate was informed of its existence. Accordingly, the determination must be annulled. In view of the foregoing, we do not reach petitioner's other arguments for annulment.

Finally, respondent's argument for a new hearing is rejected. A rehearing is inappropriate where an inmate has served a substantial portion of his penalty, there has been a significant lapse of time since the incident and a key witness has been released on parole (see, Matter of Allah v LeFevre, 132 AD2d 293; Matter of Cunningham v LeFevre, 130 AD2d 809). It appears that petitioner has completed the majority of his punishment and that one witness has been released on parole.

Determination annulled, without costs, petition granted, and respondent is directed to expunge all references to the proceeding from petitioner's departmental and institutional files. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.