■ In the Matter of DAVID CROWLEY, Appellant, v JOHN O'KEEFE, as Superintendent of Ogdensburg Correctional Facility, et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered June 10, 1988 in St. Lawrence County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition due to petitioner's failure to exhaust his administrative remedies.

Petitioner, an inmate at Ogdensburg Correctional Facility in St. Lawrence County, was charged with violating facility rule 100.10 by assaulting a correction officer. Following a tier III hearing, petitioner was found guilty of the charge and punishment was imposed. This disposition was affirmed following administrative review and petitioner commenced this CPLR article 78 proceeding claiming for the first time that respondents improperly denied his right to call witnesses in violation of 7 NYCRR 254.5. Supreme Court dismissed the petition on the ground that petitioner failed to raise this issue at the hearing or on his administrative appeal. This appeal followed.

There must be an affirmance. Petitioner's principal argument on appeal is that his right to call witnesses at the hearing was impermissibly denied. Specifically, petitioner sought to have five inmates testify on his behalf, purportedly to state that petitioner did not commit the alleged assault. Although two of the inmates did testify at the hearing, petitioner was informed that the three other potential inmate witnesses had refused to testify. The correction officer who questioned these inmates submitted to the Hearing Officer three "refusal forms" which had boxes checked on them indicating that the witnesses did not want to become involved. Petitioner argues that the use of these forms was clearly erroneous and that the Hearing Officer should have, at the very least, inquired further into the cause for the witnesses'

unwillingness to testify and stated the reasons on the record *(see,* 7 NYCRR 254.5; *Matter of Barnes v LeFevre,* 69 NY2d 649, 650; *Matter of Williams v Coughlin,* 145 AD2d 771).

We disagree. Petitioner never requested that these inmates be questioned or that the reason for their unwillingness to testify be placed on the record *(see, Matter of McClean v LeFevre,* 142 AD2d 911, 912). Unlike the petitioner in *Matter of Williams v Coughlin (supra,* at 773), petitioner herein acquiesced in the refusal of the three witnesses to testify. As a result, petitioner waived any objections as to how the Hearing Officer handled the situation by failing to mention the error at a time when it could have been corrected and, further, by failing to raise the issue on administrative review *(see, Matter of McClean v LeFevre, supra).* Petitioner seeks to avoid this result, however, by arguing that his constitutional right to call witnesses has been affected and we should consider this issue despite his waiver *(see, Matter of Bates v Coughlin,* 145 AD2d 854, 855).

An inmate's right to a written reason for the refusal of his request to call a witness is only provided for by regulation *(see,* 7 NYCRR 254.5) and is not constitutionally mandated *(see, Matter of Hop-Wah v Coughlin,* 118 AD2d 275, 278, *revd on other grounds* 69 NY2d 791; *Matter of Guzman v Coughlin,* 90 AD2d 666; *see also, Ponte v Real,* 471 US 491). While errors of the nature alleged by petitioner may rise to a constitutional level under certain factual situations *(see, e.g., Matter of Williams v Coughlin, supra* [where prison officials failed to tell potential witnesses they were needed as alibi witnesses, not as eyewitnesses to the offense]), we find no prejudice to petitioner in the case at bar so as to justify a departure from the general rule requiring exhaustion of administrative remedies *(see, Matter of Bates v Coughlin, supra,* at 855). Here, two of petitioner's requested witnesses testified favorably for him and his acquiescence in the remaining witnesses' refusal to testify indicated his satisfaction with how the hearing was conducted *(see, Matter of McClean v LeFevre,* 142 AD2d 911, *supra).* At the conclusion of the hearing, he was given the opportunity to point out any irregularity but he stated that he was satisfied.

Judgment affirmed, without costs. Weiss, J. P., Mercure and Harvey, JJ., concur.

Mikoll and Yesawich, Jr., JJ., dissent and vote to reverse in a memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent.

The discrete issues before us are: (1) did the Hearing Officer

fail to provide petitioner the right to call witnesses as provided for in regulations of the Department of Correctional Services (7 NYCRR 254.5), and (2) did this denial impinge on petitioner's due process rights?

Petitioner had requested that five fellow inmates be called as witnesses. He was informed at the hearing that three of them refused to testify. At the conclusion of the hearing, the following colloquy occurred:

| | |
|---|---|
| "Dept Bennett | * * * Have all the witnesses which you wanted to be called to respond in this case, have they all been called and heard? |
| "Inmate Crowley | Yes sir. |
| "Dept Bennett | Other than those who refused? |
| "Inmate Crowley | Yes Sir. |
| "Dept Bennett | OK. Do you have any further testimony or documentary evidence to give me. |
| "Inmate Crowley | No sir. |
| "Dept Bennett | Do you have any procedural objections to the way this hearing was held? |
| "Inmate Crowley | No." |

Petitioner asserts that the Hearing Officer made no effort to ascertain the reasons for the refusal of potential witnesses to testify, or offer to take such testimony out of petitioner's presence if good cause were found for not allowing a confrontation. Indeed the record fails to articulate any reason for failing to provide the witnesses requested.

Preliminarily, we conclude that the record here does not show that petitioner made a knowing or intelligent waiver of his right to call witnesses (see, Matter of Garcia v LeFevre, 64 NY2d 1001). The right to call witnesses is guaranteed to prisoners by due process considerations (see, Wolff v McDonnell, 418 US 539) and State regulations (see, 7 NYCRR 254.5 [a]). We conclude that respondents violated their own rules in this case.

In Matter of Barnes v LeFevre (69 NY2d 649), the Court of Appeals held in a like situation that when a petitioner sought to call a witness, who according to a correction officer refused to testify but the record neither reflected a reason for the witness's refusal nor indicated any efforts by correction offi-

cials to ascertain any reason therefor, he was impermissibly denied the right to call witnesses. There is no significant variance from the issue as resolved in *Barnes* and that presented here. Petitioner denied that he assaulted the correction officer. There was a factual conflict here. The witnesses were sought to support petitioner's position. The determination should be annulled and respondents directed to expunge all records pertaining thereto from their files.