■ In the Matter of ANTHONY LEBRON, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Casey, J. P. Appeal

from a judgment of the Supreme Court (Hughes, J.), entered March 29, 1990 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Oneida Correctional Facility in Oneida County, was charged in a misbehavior report with violating a prison disciplinary rule as a result of an incident in the mess hall. At the hearing, petitioner was advised that one of the three inmate witnesses requested by petitioner, Darrell Spencer, had signed a form indicating his refusal to testify because he did not know what happened. Petitioner stated that Spencer was one of three inmates seated with him at the table when the incident occurred and indicated that the refusal was because "I am a Latino and Spencer is the only American, perhaps." The Hearing Officer then asked petitioner if he had anyone he would like to substitute for Spencer; after petitioner replied, "No", the Hearing Officer asked petitioner if he "would like to go just with the two witnesses". Petitioner answered, "Yes."

The only claim of error asserted by petitioner concerns the refusal of Spencer to testify as a witness. According to petitioner, the Hearing Officer was required to investigate the validity of the grounds for Spencer's refusal to testify, but we conclude that petitioner waived this claim by agreeing to go forward with the other two witnesses, who testified on his behalf, and by failing to insist that Spencer be called and that further inquiry be made (see, Matter of Crowley v O'Keefe, 148 AD2d 816, lv denied 74 NY2d 613; Matter of McClean v LeFevre, 142 AD2d 911). Accordingly, we do not reach the issue of the Hearing Officer's duty to investigate the validity of the grounds given by a witness who refuses to testify (see, Matter of Laureano v Kuhlmann, 75 NY2d 141).

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.