■ In the Matter of MARLON CODRINGTON, Respondent, v LOUIS MANN, as Superintendent of Shawangunk Correctional Facility, et al., Appellants.—Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered March 19, 1990 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Shawangunk Correctional Facility in Ulster County, was charged in a misbehavior report with violating various prison disciplinary rules as a result of an incident which occurred in the facility's kitchen. Petitioner asked the correction officer assigned to assist him in preparing a defense to interview three inmates, including inmate Victor Colon, who according to petitioner had overheard the author

of the misbehavior report threaten "to get" petitioner. Colon assertedly was the one witness petitioner had to substantiate his defense that the charges against him were fabricated. Apparently, Colon initially agreed to be a witness on petitioner's behalf, but after a correction sergeant at the facility allegedly told Colon to mind his own business, he signed a witness refusal form indicating that he "[did] not want to be involved"; it is noteworthy that he did not also adopt the other prepared reason set out in the form for refusing to testify, namely that he "[did] not know enough about specific incident to provide relevant testimony". The failure of the Hearing Officer who conducted petitioner's tier III hearing to personally ascertain the reason for Colon's unwillingness to testify justified Supreme Court's finding that petitioner's due process right to call witnesses was infringed, as well as the court's direction that the charges against petitioner be expunged *(see, Matter of Williams v Coughlin,* 145 AD2d 771, 773).

Respondents' contention on this appeal that petitioner waived his right to have Colon testify because he neglected to ask the Hearing Officer to inquire as to why Colon refused to do so is unconvincing. The facts at hand are readily distinguishable from *Matter of McClean v LeFevre* (142 AD2d 911), upon which respondents rely, where this court held that a prisoner's acquiescence in the witnesses' refusal to testify, coupled with an articulated willingness to proceed and a failure to insist that the witnesses be questioned, waived the objection *(supra,* at 912). Here, petitioner did not acquiesce in Colon's refusal to testify but repeatedly stressed the importance of the latter's testimony to petitioner's defense. Moreover, petitioner was not advised of his right to request that Colon be questioned, nor was he asked if he was willing to proceed without Colon's testimony. The hearing transcript reveals that petitioner failed to insist that the Hearing Officer do so because he had never had a tier III hearing before. Furthermore, on administrative appeal petitioner objected that his right to call witnesses had indeed been improperly denied. The foregoing circumstances, even without the additional factor that the proferred testimony would not have been cumulative, renders unavailing respondents' waiver argument *(see, Matter of Williams v Coughlin, supra,* at 773; *compare, Matter of Lebron v Coughlin,* 169 AD2d 859; *Matter of Crowley v O'Keefe,* 148 AD2d 816, 817, *appeal dismissed* 74 NY2d 780, *lv denied* 74 NY2d 613).

Weiss, J. P., Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.