■ In the Matter of LAMONTE JOHNSON, Petitioner, v

THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was charged with violation of institutional rules and was found guilty after a Superintendent's disciplinary hearing of the offense of violent conduct, assault and possession of a weapon. He was given a disposition of 730 days in special housing with a corresponding loss of package, commissary and phone privileges, and a loss of visitation for 12 months and a recommended loss of 12 months of good time. Respondent modified the determination, dismissing the assault charge against petitioner, reducing the special housing and privileges loss to 365 days, reducing the recommended loss of good time to six months and restoring petitioner's visitation rights.

Petitioner commenced this proceeding seeking a new hearing. He alleges the denial of adequate employee assistance, the denial of his right to call witnesses (including a fellow inmate who petitioner contends was a person involved in the fracas from which the charges against petitioner emanated) and bias on the part of the Hearing Officer.

We find merit only in one argument, namely, that there is prejudice to petitioner from the failure of the Hearing Officer to ascertain whether inmate Teddy Osorio was willing to testify and, if not, the grounds of the witness's refusal to testify (see, Matter of Williams v Coughlin, 145 AD2d 771). Since the procedural error in a hearing is correctable and petitioner has just begun serving the imposed penalty, we direct that a new hearing be conducted.

Yesawich Jr., Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to respondent for further proceedings not inconsistent with this court's decision.