■ In the Matter of JOHN MAIER, Petitioner, v LOUIS MANN, as Superintendent of Shawangunk Correctional Facility, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Initially, we find that petitioner was not denied meaningful employee assistance in preparing his case (see, Matter of Serrano v Coughlin, 152 AD2d 790). To succeed on such a

claim, petitioner was required to establish that prejudice resulted from any failure of the assistant to comply with his duties. This petitioner failed to do *(see, Matter of Cioci v Coughlin,* 169 AD2d 895; *Matter of Serrano v Coughlin, supra).* We also reject petitioner's claim that the Hearing Officer was not impartial insofar as there is no support in the record for the claim of bias or any proof that the outcome of the hearing flowed from the alleged bias *(see, Matter of Nieves v Coughlin,* 157 AD2d 943).

Turning next to petitioner's contention that his right to call witnesses was violated due to the Hearing Officer's failure to take testimony from the alleged victim, we first note that contrary to respondents' claim, petitioner did not acquiesce in the victim's failure to testify *(see, Matter of Williams v Coughlin,* 145 AD2d 771; *cf., Matter of McLean v LeFevre,* 142 AD2d 911). Nevertheless, in our view the Hearing Officer made the "meaningful effort" required in trying to obtain the requested testimony *(Matter of Silva v Scully,* 138 AD2d 717, 719; *cf., Matter of Barnes v LeFevre,* 69 NY2d 649). The Hearing Officer personally contacted the victim, who refused to testify. The Hearing Officer then specifically asked the victim to provide a reason for the refusal but the victim refused to provide further information. Under the circumstances, petitioner's right to call witnesses cannot be said to have been violated *(cf., Matter of Hylton v Lord,* 148 AD2d 453; *Matter of Williams v Coughlin, supra; Matter of Silva v Scully, supra).*

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Adjudged that that the determination is confirmed, without costs, and petition dismissed.