■ In the Matter of WILLIAM BLAKE, JR., Respondent-Appel-

lant, v Thomas A. Coughlin, III, as Commissioner of the Department of Correctional Services, et al., Appellants-Respondents.—Cross appeals from a judgment of the Supreme Court (Harris, J.), entered December 6, 1991 in Albany County, which, upon reargument, *inter alia,* granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Correctional Services directing that petitioner be placed in administrative segregation.

We agree with Supreme Court that the Hearing Officer violated petitioner's right to call witnesses under 7 NYCRR 254.5 (a) by denying his request to call the correction sergeant who had recommended petitioner for his job as a porter in the special housing unit (hereinafter SHU). The hearing was being held to determine whether petitioner should be placed in administrative segregation. Among the reasons given in support of the recommendation for placement were that petitioner was a security threat to staff and inmates and that he continued to assert that he would try to escape. Because the correction sergeant evaluated and directly observed petitioner's job performance, we agree with Supreme Court that his testimony was relevant on the issue of whether petitioner was a security risk. There is no suggestion that institutional safety or correctional goals would have been at risk had the correction sergeant testified and his testimony would not have been cumulative *(see, Matter of Wong v Coughlin,* 137 AD2d 272).

Although we agree with Supreme Court that petitioner was impermissibly denied his right to call witnesses *(see, Matter of Barnes v LeFevre,* 69 NY2d 649), we do not agree with the court's further determination that the denial was of a constitutional dimension *(see, Matter of Allah v LeFevre,* 132 AD2d 293). In reaching this conclusion, we note that the hearing was to decide whether petitioner should be administratively segregated; he had not been charged with any violation of prison regulations *(see, Hewitt v Helms,* 459 US 460; *Matter of Bryant v Mann,* 160 AD2d 1086, *lv denied* 76 NY2d 706; *cf., Wolff v McDonnell,* 418 US 539; *Matter of Laureano v Kuhlmann,* 75 NY2d 141). Thus, the requirements of due process were satisfied by notice to petitioner and an opportunity to present his views *(see, Hewitt v Helms, supra).* Because the denial was a breach of a regulatory requirement only, we also reject the court's determination that expungement was necessary *(cf., Matter of Allah v LeFevre, supra).* The procedural error is correctable and the appropriate remedy is to remit the matter for a new hearing *(see, Matter of Johnson v*

*Coughlin,* 182 AD2d 1051; *Matter of Payne v Coughlin,* 160 AD2d 1108).

We find no error in Supreme Court's rejection of petitioner's remaining procedural arguments. Furthermore, in view of our determination that a new hearing is necessary, the arguments raised by petitioner in his cross appeal need not be addressed.

Weiss, P. J., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as ordered expungement; matter remitted to respondents for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.