■ In the Matter of DAVID CONTRAS, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [604 NYS2d 651] —Cardona, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty after a Superintendent's hearing of violating prison rules prohibiting assault and fighting. On administrative appeal, the penalties imposed, consisting of 36 months' loss of specified privileges and good time, were modified to 18 months' loss of specified privileges and good time

---

and the determination was affirmed. Petitioner commenced this proceeding contending that the determination is not supported by substantial evidence and that other errors require annulment.

Petitioner cites as a principal error the denial of his constitutional right to call witnesses *(see, Wolff v McDonnell,* 418 US 539, 566; *Matter of Laureano v Kuhlmann,* 75 NY2d 141, 146-147; *see also,* 7 NYCRR 254.5 [a])*.* The hearing transcript reveals that petitioner made a request to call the inmate victim of the alleged assault as his witness after his assigned inmate assistant advised petitioner that the inmate victim would give testimony. At the hearing, a correction officer testified that he had witnessed the inmate victim sign a blank inmate refusal form and that, when questioned, the inmate victim refused to give any reason for his unwillingness to testify. No reason appears in the record for the refusal to testify.

Respondents contend that the Hearing Officer's questioning of the correction officer as to that officer's efforts to elicit a reason for the refusal constituted a "meaningful effort" on the Hearing Officer's part to obtain the requested testimony and, therefore, there was no denial of petitioner's right to call witnesses *(see, Matter of Maier v Mann,* 187 AD2d 850, 851). We disagree. As we noted in *Matter of Maier v Mann (supra),* "The Hearing Officer *personally* contacted the victim, who refused to testify. The Hearing Officer then specifically asked the victim to provide a reason for the refusal but the victim refused to provide further information" *(supra,* at 851 [emphasis supplied])*.* Under these circumstances, the Hearing Officer's failure to personally ascertain the reason for the unwillingness to testify by petitioner's inmate witness, as requested by petitioner *(see, Matter of Codrington v Mann,* 174 AD2d 868), served to deny petitioner his right to call witnesses *(cf., Matter of Johnson v Coughlin,* 182 AD2d 1051, 1052).

We also disagree with respondents' contention that this error was not of constitutional dimension. In reaching this conclusion, we acknowledge, as we must, that petitioner was charged with violations of prison regulations which could, and in fact did, result in the loss of "good time" credit *(see, Matter of Laureano v Kuhlmann,* 75 NY2d 141, 146, *supra).* This is not a case where the denial is only a breach of a regulatory requirement *(see, Matter of Blake v Coughlin,* 189 AD2d 1016, 1017). Also implicated is petitioner's minimal due process right "to call witnesses when that will not be unduly hazardous to institutional safety or correctional goals" *(Matter of*

*Laureano v Kuhlmann, supra,* at 146). Petitioner's conditional right to call witnesses is a constitutional right which is implemented by 7 NYCRR 254.5 (a) *(see, supra,* at 146-147). Thus, respondents' violation of their own regulation under the circumstances here was also a violation of petitioner's constitutional right to call witnesses. Such a violation "necessitates dismissal of the charges upon which the hearing was held and expungement of the tainted proceedings" *(Matter of Rosario v Seksky,* 162 AD2d 939, 940).

We need not consider petitioner's other arguments for annulment.

Mercure, J. P., White, Mahoney and Casey, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.