OPINION OF THE COURT
Peter E. Corning, J.
The court has reviewed the petition for a writ of habeas corpus, verified on March 26, 1999, in which petitioner seeks his release from custody on the grounds that the application of *810 the parole guidelines enacted in January 1997 to his case violated the Ex Post Facto Clause of the United States Constitution.
Petitioner was revoked and restored to the Willard Drug Treament Campus following a final parole revocation hearing held on December 23, 1998. While at Willard, he violated the conditions of his parole by failing to complete the program. At a final parole revocation hearing regarding this violation, petitioner’s parole was revoked, and a 10-month hold was ordered.
Petitioner now contends his detention is illegal on the grounds that the application of the parole guidelines, which were enacted in January 1997, to his case violated the Ex Post Facto Clause of the US Constitution.
The court finds petitioner’s arguments to be without merit. Petitioner has failed to preserve this issue for review by failing to file an administrative appeal of the determination sending him to Willard, as is allowed under 9 NYCRR part 8006. (Matter of Crowley v O’Keefe, 74 NY2d 613, dismissing appeal from 148 AD2d 816.) However, even if petitioner had filed an administrative appeal, the argument made would still not give rise to a finding in his favor.
The crux of the petition is based on the common argument that the application of the parole guidelines dealing with the Willard Drug Treatment Campus to his case violated the Ex Post Facto Clause of the US Constitution. He contends that because he committed the underlying offense prior to January 1997 that the parole guidelines in existence at the time his offense was committed should be applied to him. In a recent First Department case, it was decided that the parole guidelines are not laws within the meaning of the Ex Post Facto Clause; therefore, they may be applied to any current parole violator. (People ex rel. Johnson v Russi, 258 AD2d 346.) Hence, petitioner’s argument must fail.
Accordingly, based upon the foregoing, it is hereby ordered that the petition verified March 26, 1999 be dismissed in its entirety, and the relief requested be denied.