■ In the Matter of LOUIS ROMAN, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [708 NYS2d 904] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of possession of escape items, possession of contraband and smuggling after a package traced to petitioner's nickname and handwriting was found containing a handcuff key and a note detailing the smuggling of the package. The testimony of the correction officer who authored the misbehavior report, the testimony of the counselor who identified petitioner's nickname, petitioner's own testimony and the physical evidence provide substantial evidence to support the determination of petitioner's guilt (*see*, *Matter of Ellis v Coombe*, 253 AD2d 945; *Matter of Sime v Department of Correctional Servs., Commr.*, 252 AD2d 692). Contrary to petitioner's contention, "the trier of fact (here, the Hearing Officer) may make his or her own comparison of handwriting samples in the absence of expert testimony on the subject" (*Matter of Smith v Coughlin*, 198 AD2d 726). Thus, the Hearing Officer's examination of the handwriting samples was proper.

We also reject petitioner's contention that he was denied meaningful employee assistance. "To succeed on such a claim, petitioner was required to establish that prejudice resulted from any failure of the assistant to comply with his duties" (*Matter of Maier v Mann*, 187 AD2d 850, 850-851). The record reveals that petitioner's assistant responded to petitioner's requests. However, the materials that petitioner requested that the assistant was unable to obtain were either confidential or unavailable. Accordingly, petitioner has failed to demonstrate that he suffered any prejudice (*see*, *Matter of Ventimiglia v Coombe*, 233 AD2d 610). We have examined petitioner's remaining contentions and find them to be without merit.

Mercure, J. P., Spain, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.