■ In the Matter of FRANK RONDON, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [711 NYS2d 544] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which directed that petitioner be placed in administrative segregation.

In February 1999, petitioner was placed in administrative segregation in the special housing unit of Clinton Correctional Facility in Clinton County where he was incarcerated. This placement was based upon a determination made following a hearing that petitioner's presence in the general population would pose a threat to the safety and security of the facility (*see*, 7 NYCRR 301.4 [b]). In April 1999, petitioner was transferred to Great Meadow Correctional Facility in Washington County where he was placed in administrative segregation pursuant to a hearing held in that facility. In May 1999, petitioner commenced this CPLR article 78 proceeding challenging the February 1999 determination, which had been affirmed upon administrative appeal, on substantial evidence and procedural grounds.

As a principal error, petitioner asserts, and respondents concede, that the Hearing Officer improperly denied his request to call inmate Eulo as a witness. We agree. The record indicates that the Hearing Officer's denial of this witness's testimony was based upon his determination that taking the testimony of Eulo would jeopardize the safety of the institution as it would provide petitioner and Eulo the opportunity to exchange information. We find the reason given for disallowing this witness's testimony unavailing inasmuch as the Hearing Officer could have interviewed the witness outside the presence of petitioner (*see*, 7 NYCRR 254.5 [b]).

As we have previously recognized, however, unlike prison disciplinary hearings, the improper denial of an inmate's right to call witnesses in the context of administrative segregation hearings is not "of a constitutional dimension" (*Matter of Blake v Coughlin*, 189 AD2d 1016, 1017; *see*, *Matter of Roe v Selsky*, 250 AD2d 935, 936). Accordingly, the proper remedy for such a procedural error is to remit the matter for a new hearing (*see*, *Matter of Blake v Coughlin, supra*).

In light of our determination that a new hearing is necessary, petitioner's other arguments need not be addressed.

Cardona, P. J., Mercure, Crew III and Lahtinen, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.