■ In the Matter of CECIL BROWN, Appellant, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [713 NYS2d 101] —Appeal from a judgment of the Supreme Court (Hemmett, Jr., J.), entered December 16, 1999 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of creating a disturbance, assaulting a staff member and interfering with an employee after he jumped on the back of a correction officer and kicked him. In this CPLR article 78 proceeding challenging that determination, Supreme Court found that petitioner received meaningful assistance, that he had waived his right to have his assistant testify because he failed to request it and that the delay in concluding the hearing was authorized. We affirm, rejecting petitioner's contention that he was denied meaningful employee assistance. "To succeed on such a claim, petitioner was required to establish that prejudice resulted from any failure of the assistant to comply with his duties" (*Matter of Maier v Mann*, 187 AD2d 850, 850-851). The record demonstrates that the assistant responded to petitioner's requests. The materials requested by petitioner that the assistant was unable to obtain were either confidential or unavailable. Accordingly, petitioner has failed to demonstrate that he suffered any prejudice (*see, Matter of Roman v Goord*, 272 AD2d 695). We have examined petitioner's remaining contentions and find they are without merit.

Mercure, J. P., Spain, Carpinello, Graffeo and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.