[795 NYS2d 794]

In the Matter of ROBERT HILL, Respondent, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Appellants.

Third Department, May 26, 2005

**APPEARANCES OF COUNSEL**

*Eliot Spitzer, Attorney General*, Albany (*Frank Brady* of counsel), for appellants.

*Robert Hill*, Elmira, respondent pro se.

**OPINION OF THE COURT**

MERCURE, J.

This appeal provides us with an opportunity to set forth the circumstances in which a hearing officer conducting a tier III prison disciplinary proceeding must personally ascertain the

reasons for the refusal of an inmate witness to testify on behalf of the charged inmate.

Petitioner, an inmate at Southport Correctional Facility in Chemung County, was directed by a correction officer to give a urine specimen. In a misbehavior report charging him with violations of rules 180.14 (7 NYCRR 270.2 [B] [26] [v] [urinalysis]) and 106.10 (7 NYCRR 270.2 [B] [7] [i] [direct order]), it was alleged that petitioner had not produced a urine sample, but had dribbled water from his mouth into the specimen cup. Petitioner denied the charge, and the matter proceeded to a superintendent's hearing.

Petitioner requested that his inmate assistant interview two inmates as potential witnesses. The assistant reported that inmates F. Scruggs and H. Perez, both incarcerated at Southport Correctional Facility, agreed to testify at the hearing. A correction officer was dispatched to escort Perez to the hearing. He returned without Perez, and reported that Perez had refused to come out of his cell to testify at the hearing and had given no reason for doing so. A correction officer was also dispatched to escort Scruggs to the hearing, but he too returned to report that Scruggs refused to testify and would neither give a reason nor sign a refusal to testify form. After the correction officers returned to the hearing without the witnesses, the Hearing Officer sent them back to the witnesses' cells with a correction sergeant, who verified that the inmates were refusing to testify without giving reasons. The Hearing Officer informed petitioner that he could not compel the witnesses to testify, and the hearing proceeded.

Before the conclusion of the hearing, petitioner raised an objection that the Hearing Officer had not personally communicated with Perez and Scruggs to verify that they were refusing to testify or to ascertain their reasons for refusing. The Hearing Officer concluded that he had conducted a sufficient inquiry into the refusals by sending correction officers and a correction sergeant to interview the refusing inmates. The Hearing Officer found petitioner guilty as charged and imposed penalties, which were modified upon administrative appeal. Supreme Court granted the CPLR article 78 petition, finding that petitioner's right to call inmate witnesses was denied because the Hearing Officer did not personally interview the inmates to ascertain the reasons for their refusals. Respondents appeal, and we affirm.

An inmate has a conditional constitutional right to call witnesses to testify at a superintendent's hearing (*see Matter of*

*Laureano v Kuhlmann,* 75 NY2d 141, 146 [1990], citing *Wolff v McDonnell,* 418 US 539, 566 [1974]; *Matter of Contras v Coughlin,* 199 AD2d 601, 602 [1993]). That right is implemented by 7 NYCRR 254.5 (a), which requires that when an inmate's request to call a witness is denied, "the hearing officer shall give the inmate a written statement stating the reasons for the denial." Although this requirement clearly pertains when a hearing officer denies an inmate's request because institutional safety or correctional goals are jeopardized (*see* 7 NYCRR 254.5 [a]; *Matter of Laureano v Kuhlmann, supra* at 146-147), and when a requested inmate would provide testimony that is either irrelevant or redundant (*see Matter of Daum v Goord,* 274 AD2d 715, 716 [2000]; *Matter of Santiago v Hoke,* 183 AD2d 978, 980 [1992], *lv denied* 80 NY2d 757 [1992]), it also applies when a witness requested by the inmate refuses to testify (*see Matter of Barnes v LeFevre,* 69 NY2d 649, 650 [1986]; *Matter of Contras v Coughlin, supra*).

Our decisions reveal that the interplay of several criteria will dictate whether a hearing officer must personally interview a requested inmate witness who refuses to testify. These include whether the witness has previously agreed to testify, whether the inmate's reason for refusing appears in the record, and whether some inquiry into the reason for the refusal has been conducted.

A deprivation of the inmate's right to present witnesses will be found when there has been *no* inquiry at all into the reason for the witness's refusal, without regard to whether the inmate previously agreed to testify (*see Matter of Barnes v LeFevre, supra*; *Matter of Dawes v Selsky,* 286 AD2d 806, 808 [2001]; *Matter of Evans v Selsky,* 278 AD2d 780 [2000]; *Matter of Johnson v Goord,* 247 AD2d 801 [1998]; *Matter of Dawes v Selsky,* 239 AD2d 796, 797 [1997]). When the refusing witness gives no reason for the refusal, but that witness did not previously agree to testify, an inquiry by the hearing officer through a correction officer adequately protects the inmate's right to call witnesses (*see Matter of Matos v Goord,* 293 AD2d 855, 856 [2002]; *Matter of Rossi v Portuondo,* 277 AD2d 615 [2000], *lv denied* 96 NY2d 706 [2001]; *Matter of Bowers v Goord,* 264 AD2d 876 [1999]; *Matter of Culbreath v Selsky,* 257 AD2d 910 [1999]; *Matter of Hodges v Murphy,* 246 AD2d 701 [1998]; *Matter of Boyd v Selsky,* 232 AD2d 929 [1996] [inmate witness Brodie]). Similarly, no violation of the right to call witnesses will be found when there was no prior assent to testify, but the reason for the

refusal appears in the record (*see Matter of Moore v Senkowski*, 13 AD3d 683 [2004]; *Matter of Boyd v Selsky, supra* [inmate witness Huggins]; *Matter of Boyd v Coughlin*, 220 AD2d 913, 914 [1995]; *Matter of Luna v Coughlin*, 210 AD2d 757 [1994]). In a case in which an inmate witness agreed to testify and then refused to do so, a personal inquiry by the hearing officer was not required because a genuine reason for the refusal appeared in the record and the hearing officer made a sufficient inquiry through a correction sergeant to determine the authenticity of that reason (*see Matter of Colon v Goord*, 245 AD2d 582, 584 [1997]).

When an inmate witness previously agreed to testify, but later refuses to do so without giving a reason, we have consistently held that the hearing officer is required to personally ascertain the reason for the inmate's unwillingness to testify (*see Matter of Brodie v Selsky*, 203 AD2d 671, 672 [1994]; *Matter of Contras v Coughlin*, 199 AD2d 601, 602 [1993], *supra*; *Matter of Codrington v Mann*, 174 AD2d 868, 869 [1991]). A witness's statement that he "[did] not want to be involved" is not a sufficient reason to excuse a personal interview by the hearing officer (*Matter of Codrington v Mann, supra* at 869). However, when the hearing officer conducts a personal interview but is unable to elicit a genuine reason from the refusing witness, the charged inmate's right to call witnesses will have been adequately protected (*see Matter of Maier v Mann*, 187 AD2d 850, 851 [1992]; *see also Matter of Jamison v Goord*, 8 AD3d 860 [2004]).*

This case falls into the category requiring a personal interview of the potential inmate witnesses by the hearing officer. Both Perez and Scruggs informed petitioner's assistant that they would testify, but when the time came to do so, they refused and would not give a reason for refusing to testify. In this circumstance, the Hearing Officer was obliged to personally interview the potential witnesses to try to determine what caused them to change their minds. Petitioner's right to call witnesses was not adequately protected by third-person interviews because the Hearing Officer lacked the opportunity to judge the authenticity of the witnesses' refusals. Accordingly, Supreme Court correctly granted the petition and ordered expungement of all references to the disciplinary proceeding and

---

* We express no view on how an inmate's right to call witnesses may be protected when an intervening inmate transfer has caused the witness to be incarcerated at a different facility than the one at which the hearing is being conducted.

restoration of lost good time (*see Matter of Brodie v Selsky, supra* at 672; *Matter of Contras v Coughlin, supra* at 603).

CARDONA, P.J., PETERS, SPAIN and CARPINELLO, JJ., concur.

Ordered that the judgment is affirmed, without costs.