■ In the Matter of JOHN CROSBY, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [807 NYS2d 666]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Prison officials opened a letter sent by petitioner to his girlfriend prior to the letter's return to petitioner due to lack of postage. In the letter, petitioner indicated that another inmate had written it so as to mislead prison officials and requested that his girlfriend bring "dope" contained in balloons to him on her next visit. As a result, a misbehavior report was written charging petitioner with violating prison disciplinary rules prohibiting solicitation, conspiring to bring narcotics into the facility, smuggling and providing misleading information. A tier III disciplinary hearing was conducted and petitioner was found guilty of all charges. Upon administrative review, the determination was upheld, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to review the determination.

An inmate has a conditional right to call witnesses at a disciplinary hearing (see 7 NYCRR 254.5). Failure to make appropriate inquiry into a requested inmate witness's refusal to testify constitutes a deprivation of that right (see Matter of Hill v Selsky, 19 AD3d 64, 65-67 [2005]; Matter of Dawes v Selsky, 286 AD2d 806, 808 [2001]). The efforts made to secure the testimony of the inmate who petitioner alleges wrote the letter or to ascertain his reasons for refusing to testify were inadequate. The requested inmate witness did not sign the witness refusal form (cf. Matter of Nimmons v Goord, 7 AD3d 887, 888 [2004]; Matter of Jimenez v Goord, 264 AD2d 918, 919 [1999]). Furthermore, the employee who attempted to secure the inmate's testimony did not testify regarding the circumstances of his refusal or any inquiry made about the reason for his refusal, nor does the record reflect that the Hearing Officer personally conducted any such inquiry (cf. Matter of Berry v Portuondo, 6 AD3d 848, 850 [2004]; Matter of Matos v Goord, 293 AD2d 855, 856 [2002]). Accordingly, the determination must be annulled (see Matter of Hill v Selsky, supra at 67-68 [2005]; Matter of Dawes v Selsky, supra at 808). In light of the foregoing, petitioner's remaining contentions need not be addressed herein.

Crew III, J.P., Carpinello and Rose, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and the Commissioner of Correctional Services is directed to

expunge all references to this matter from petitioner's institutional record and restore any loss of good time.