■ In the Matter of DORIAN DIAZ, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [927 NYS2d 806]—

Following an investigation into an incident in which an inmate was stabbed eight times, petitioner was charged in a misbehavior report with assault as an accessory, violent conduct as an accessory, and making false statements. Petitioner was found guilty of all three charges after a tier III disciplinary hearing. The determination was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding, which was dismissed by Supreme Court. Petitioner now appeals.

We affirm. We are not persuaded by petitioner's contention that he was deprived of his right to call the inmate victim as a witness. The record reflects that, although the inmate victim previously agreed to testify, he changed his mind and refused to provide a reason. The Hearing Officer personally interviewed the inmate victim in an attempt to elicit further explanation from him but he refused to provide a specific reason for his refusal. Accordingly, petitioner's right to call the inmate victim as a witness was adequately protected (*see Matter of Tafari v Fischer*, 78 AD3d 1405, 1406 [2010], *lv denied* 16 NY3d 704 [2011]; *Matter of Hill v Selsky*, 19 AD3d 64, 66-67 [2005]). Contrary to petitioner's assertions, the record reflects that the hearing was fair and impartial, and that the Hearing Officer did not prejudge petitioner's guilt (*see Matter of Hayes v Fischer*, 70 AD3d 1085, 1086 [2010]; *Matter of McClean v Coombe*, 242 AD2d 846, 847 [1997]). The determination of guilt resulted from the misbehavior report, unusual incident report, testimony adduced at the hearing and confidential information, and not from any alleged bias on the part of the Hearing Officer (*see Matter of Hayes v Fischer*, 70 AD3d at 1086; *Matter of Sime v Goord*, 30 AD3d 887, 889 [2006], *lv denied* 7 NY3d 717 [2006]). Petitioner's remaining contentions were not previously raised at the hearing or in his petition and, therefore, are not properly before us.

Spain, J.P., Rose, Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.