■ In the Matter of GILBERT MOYE, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [940 NYS2d 356]—

Appeal from a judgment of the Supreme Court (Connolly, J.), entered March 3, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While he was being counseled by a correction officer, petitioner struck the officer in the face with a closed fist. The officer forced petitioner to the ground and petitioner continued to struggle, ignoring the officer's directive to cease such conduct. Petitioner finally stopped when he was placed in mechanical restraints. He was thereafter charged in a misbehavior report with assaulting staff, refusing a direct order and engaging in violent conduct. Following a tier III disciplinary hearing, he was found guilty of the charges and the determination was later affirmed on administrative appeal. He then commenced this CPLR article 78 proceeding. After service of respondent's answer, Supreme Court dismissed the petition and this appeal ensued.

Petitioner contends that he was denied adequate employee assistance because his assistant failed to interview all of his requested inmate witnesses, who apparently refused to testify at the hearing. He further asserts that he was not provided with copies of the witness refusal forms and the Hearing Officer did not call the assistant as a witness to testify as to the refusals even though he indicated that he would do so at the hearing. Inasmuch as the record reveals that petitioner was not provided an explanation for the refusal of his requested inmate witnesses to testify, either by his assistant or the Hearing Officer, we conclude that he was deprived of his right to call witnesses.

Initially, we note that an inmate has a conditional constitutional right to call witnesses at a prison disciplinary hearing

and, if a request for a particular witness is denied, the inmate must be provided with a statement of the reason for the denial (*see Matter of Laureano v Kuhlmann,* 75 NY2d 141, 146-147 [1990]; *Matter of Hill v Selsky,* 19 AD3d 64, 66 [2005]; *see also* 7 NYCRR 254.5 [a]). This principle applies as well where a requested witness has refused to testify (*see Matter of Barnes v LeFevre,* 69 NY2d 649, 650 [1986]; *Matter of Hill v Selsky,* 19 AD3d at 66). Notably, this Court has held that "[a] deprivation of the inmate's right to present witnesses will be found when there has been no inquiry at all into the reason for the witness's refusal, without regard to whether the inmate previously agreed to testify" (*Matter of Hill v Selsky,* 19 AD3d at 66 [2005] [emphasis omitted]; *see Matter of Crosby v Selsky,* 24 AD3d 990, 991 [2005]). In the case at hand, it is unclear whether any of the requested inmate witnesses ever agreed to testify. Nevertheless, the assistant interviewed all of them, reported that they would not testify and even prepared a memorandum to this effect for the Hearing Officer. Significantly, however, there is nothing in the record to explain the reasons for the inmates' refusals to testify (*compare Matter of McFadden v Venettozzi,* 65 AD3d 1401, 1402 [2009]). No witness refusal forms were ever produced and the assistant was never called to testify concerning the circumstances of the refusals (*see Matter of Crosby v Selsky,* 24 AD3d at 991). In view of the foregoing, we conclude that the Hearing Officer's failure to ascertain the reason for the inmates' refusals to testify violated petitioner's right to call witnesses and requires expungement, rather than remittal (*see Matter of Jamison v Fischer,* 78 AD3d 1466, 1467 [2010]; *compare Matter of Buari v Fischer,* 70 AD3d 1147, 1148 [2010]). Moreover, petitioner is entitled to the restoration of good time lost as a result of the disciplinary determination (*see Matter of Barnes v LeFevre,* 69 NY2d at 650; *Matter of Pereira v Fischer,* 87 AD3d 1192 [2011]). In view of our disposition, we need not address petitioner's remaining claims.

Lahtinen, J.P., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, determination annulled and respondent is directed to expunge all references to this matter from petitioner's institutional record.