■ In the Matter of INJAH TAFARI, Appellant, v BRIAN S. FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [949 NYS2d 540]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered October 2, 2011 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in two misbehavior reports with violating various prison disciplinary rules. Following a tier III disciplinary hearing, petitioner was found guilty of six violations of prison rules and that determination was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding, which was dismissed by Supreme Court. Petitioner now appeals.

Petitioner's contention that he was denied the right to call certain witnesses is without merit. With regard to the two inmate witnesses, inasmuch as the record reflects that the inmates signed refusal forms and the Hearing Officer personally interviewed the inmates following their refusal to testify and determined that they did not want to be involved, we find that petitioner's right to call them was adequately protected (*see Matter of Reynolds v LaClair*, 89 AD3d 1338, 1339 [2011]; *Matter of Diaz v Fischer*, 87 AD3d 782, 783 [2011]; *Matter of Tafari v Fischer*, 78 AD3d 1405, 1406 [2010], *lv denied* 16 NY3d 704 [2011]). With respect to the other individuals whose testimony petitioner sought, we find that they were properly denied as their testimony was not relevant to the violations with which petitioner was charged. In that regard, we note that three of these individuals were either not employees of petitioner's current correctional facility or had no firsthand knowledge of the circumstances giving rise to petitioner's charges, and the correction officer that petitioner sought to call as a witness, whom petitioner was unable to identify, would not have provided petitioner with any defense to the charges against him (*see Matter of Valerio v New York State Dept. of Correctional*

*Servs.*, 67 AD3d 1228, 1228 [2009]; *Matter of Sutherland v Selsky*, 61 AD3d 1188, 1189 [2009]; *Matter of Morris v Goord*, 50 AD3d 1327, 1327 [2008]).

Petitioner's remaining contentions have been examined and found to be without merit.

Rose, J.P., Spain, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs. ■