■ In the Matter of IMHOTEP H'SHAKA, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [952 NYS2d 693]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 18, 2011 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent directing that petitioner be placed in administrative segregation.

While an inmate at Upstate Correctional Facility in Franklin County, petitioner was served with an administrative segregation recommendation based upon, among other things, various incidents of prior violent conduct. A hearing was subsequently conducted to determine if petitioner should be placed in administrative segregation. At the conclusion of the hearing,

the Hearing Officer adopted the administrative segregation recommendation and that determination was affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging it. Supreme Court dismissed the petition and this appeal ensued.

Petitioner's sole argument is that he was improperly denied his constitutional and regulatory right to call certain witnesses at the hearing who he claims were important to his defense of retaliation. In particular, he asserts that he wanted to call an inmate witness who had a conversation with the author of the administrative segregation recommendation in which the author allegedly admitted that he wrote the recommendation as a means of retaliation against petitioner. This inmate initially agreed to testify, but later refused. The Hearing Officer, however, did not personally interview the inmate to ascertain the validity of the refusal or the reason the inmate changed his mind, but rather relied solely upon testimony from a correction officer that the inmate stated he "[didn't] wanna be involved." Under these circumstances, the Hearing Officer was required to personally ascertain the reason for the inmate's unwillingness to testify, and the failure to do so violated petitioner's conditional right to call witnesses (*see Matter of Hill v Selsky*, 19 AD3d 64, 67 [2005]; *Matter of Codrington v Mann*, 174 AD2d 868, 868-869 [1991]; *see also Matter of Moye v Fischer*, 93 AD3d 1006, 1007 [2012]; *compare Matter of Diaz v Fischer*, 87 AD3d 782, 783 [2011]). The remedy for this procedural error, in the context of the instant administrative segregation hearing, is to remit the matter for a new hearing (*see Matter of Rondon v Selsky*, 274 AD2d 713, 714 [2000]; *Matter of Blake v Coughlin*, 189 AD2d 1016, 1017-1018 [1993]). In view of our disposition, we need not address petitioner's claims regarding the denial of other witnesses.

Peters, P.J., Mercure, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.