Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which directed that petitioner be placed in administrative segregation.
While an inmate at Marcy Correctional Facility in Oneida County, petitioner was served with an administrative segregation recommendation based upon, among other things, his alleged aggressive and undermining behavior toward an Imam, a prison chaplain, which created a negative atmosphere within the prison facility’s Muslim community. Following a hearing, it was determined that petitioner’s continued presence in the general population would pose a threat to the safety and security of the facility. The determination was upheld on administrative appeal, prompting the commencement of this proceeding.
*819 Initially, petitioner claims that he was improperly denied his right to call a witness at the hearing who he claims was crucial to his defense of retaliation. Specifically, petitioner attempted to call an inmate witness who was allegedly present during a conversation between petitioner and the Imam, in which the Imam reportedly admitted initiating the administrative segregation recommendation as a means of retaliation against petitioner. Although this witness agreed to testify, the Hearing Officer denied the request for this witness on the basis that the conversation took place after the incident that is the subject of the administrative segregation recommendation. Under the circumstances presented, we conclude that the testimony of this witness was not irrelevant and thus the request was improperly denied (see Matter of H’Shaka v Fischer, 100 AD3d 1056, 1057 [2012]; Matter of Blake v Coughlin, 189 AD2d 1016, 1017 [1993]; see also 7 NYCRR 254.5 [a]). As such, the Hearing Officer’s ruling constituted a violation of petitioner’s conditional, regulatory right to call witnesses (see Matter of Rondon v Selsky, 274 AD2d 713, 714 [2000]).
Petitioner has, however, been released on parole supervision and is now under the supervision of the Division of Parole (see Executive Law art 12-B), rather than incarcerated and in the custody of the Department of Corrections and Community Supervision. While his release from administrative segregation and incarceration has rendered moot his request for release from that segregation, it does not render moot his request for expungement of this determination from his institutional record (see Matter of Cross v Selsky, 271 AD2d 815, 816 [2000]). While ordinarily the remedy for this nonconstitutional error is to remit for a new hearing,* even where petitioner has been removed from administrative segregation or been moved to a different facility (see Matter of H’Shaka v Fischer, 100 AD3d at 1057; Matter of Rondon v Selsky, 274 AD2d at 714), remittal for a rehearing is not feasible here and, thus, we direct expungement of the determination from his institutional record. The expungement of petitioner’s records is without prejudice to respondent reconsidering the underlying facts in a de novo administrative segregation hearing should petitioner be reincarcerated (see 7 NYCRR 301.4).
Peters, P.J., Lahtinen, Spain and McCarthy, JJ., concur. *820 Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner’s institutional record.

 Remittal for a rehearing rather than expungement is generally permissible where, as here, substantial evidence otherwise supports the determination (see Matter of Laureano v Kuhlmann, 75 NY2d 141, 148-149 [1990]; Matter of Hillard v Coughlin, 187 AD2d 136, 139-140 [1993], lv denied 82 NY2d 651 [1993]; compare Matter of Hartje v Coughlin, 70 NY2d 866 [1987]).