*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 30, 2015                519383
_____

In the Matter of LARRY GROSS,
                        Petitioner,

        v

ALBERT PRACK, as Director of          MEMORANDUM AND JUDGMENT
    Special Housing and Inmate
    Disciplinary Programs,
                        Respondent.
_____


Calendar Date:  February 24, 2015

Before:  Peters, P.J., Lahtinen, Garry and Egan Jr., JJ.

                    _____


        Larry Gross, Marcy, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with lewd
behavior, stalking and refusing a direct order stemming from an
incident involving a librarian at the correctional facility.
Following a tier III disciplinary hearing, petitioner was found
guilty of lewd behavior and refusing a direct order.  Upon
administrative review, the determination was modified to the
extent that the penalty was reduced.  This CPLR article 78
proceeding ensued.

We agree with petitioner that his conditional right to call witnesses was violated at the hearing. Although petitioner requested that his employee assistant interview three inmate witnesses who worked in the library, the record reflects no effort by the employee assistant to interview the potential witnesses or to report the results of those efforts to petitioner. When this issue was raised at the hearing and petitioner inquired about those witnesses, the Hearing Officer adjourned the hearing in order for the employee assistant to ascertain the witnesses' willingness to testify. Thereafter, the Hearing Officer denied the requested witnesses based upon the employee assistant's report that all three witnesses refused to testify. No inquiry was made by the Hearing Officer as to the reasons for those witnesses' refusal, no witness refusal forms were provided, and petitioner's employee assistant was not called to testify regarding the circumstances as to why the witnesses refused to testify. Accordingly, the Hearing Officer deprived petitioner of his right to call witnesses and the matter must be expunged (see Matter of Samuels v Fischer, 98 AD3d 776, 777 [2012]; Matter of Crosby v Selsky, 24 AD3d 990, 991 [2005]; see also Matter of Canty v Fischer, 107 AD3d 1194, 1195 [2013]). In light of the foregoing, petitioner's remaining contentions need not be addressed.

Peters, P.J., Lahtinen, Garry and Egan Jr., JJ., concur.


ADJUDGED that the determination is annulled, without costs, petition granted and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record and restore any loss of good time.



ENTER:

Robert D. Mayberger
Clerk of the Court