Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with assaulting staff, being out of place, making a false statement and refusing a direct order. The charges relate that petitioner attempted to join a group of inmates that had signed up to go to church by giving a false cell number. Petitioner was escorted back to his cell block and, instead of returning to his cell as directed, he hit a correction officer in the head. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
*1084 We confirm. To the extent challenged by petitioner, the misbehavior report, related documentation and testimony from the correction officer involved in the incident provide substantial evidence to support the determination of guilt (see Matter of May v Selsky, 291 AD2d 591, 592 [2002]). Petitioner’s contention that he was improperly denied the right to call a witness is belied by the record, which establishes that, in addition to the requested witness executing a refusal form noting the reason for not wanting to testify, the Hearing Officer personally interviewed the requested witness and verified that information (see Matter of Thurmond v Fischer, 112 AD3d 1234, 1235 [2013]; Matter of Tafari v Fischer, 98 AD3d 763, 763 [2012] , lv denied 19 NY3d 816 [2012]). Petitioner’s remaining contentions, including that he was denied both adequate employee assistance and the right to present documentary evidence, are unpreserved as they were not raised at the hearing (see Matter of Abrams v Fischer, 109 AD3d 1030, 1031 [2013] ).
Garry, J.P., Egan Jr., Rose and Clark, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.