*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 3, 2016                    520945
_____

In the Matter of RICHARD
    TEVAULT,
                        Petitioner,

            v                                    MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                        Respondent.
_____

Calendar Date:  January 19, 2016

Before:  Peters, P.J., McCarthy, Devine and Clark, JJ.

_____

        Richard Tevault, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

        Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of opiates.  He maintained his innocence, asserting that a correction officer had threatened to manipulate the test results.  Petitioner was found guilty of the charge following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

Petitioner contends, among other things, that he was improperly denied the right to have his cellmate, who allegedly overheard the correction officer threaten him, testify at the hearing. Petitioner requested the cellmate as a witness at the hearing. A correction officer approached the cellmate about testifying, but he apparently refused and would neither sign a refusal form nor state the reason for his refusal. It does not appear that the Hearing Officer communicated directly with the cellmate, but rather related this information to petitioner based upon the contents of the refusal form. Notably, the correction officer who completed the refusal form did not testify at the hearing.

This Court has acknowledged that "[a] deprivation of the inmate's right to present witnesses will be found when there has been no inquiry at all into the reason for the witness's refusal, without regard to whether the inmate previously agreed to testify" (Matter of Hill v Selsky, 19 AD3d 64, 66 [2005]; see Matter of Gross v Prack, 127 AD3d 1532, 1533 [2015]; Matter of Moye v Fischer, 93 AD3d 1006, 1007 [2012]). No such inquiry was made by the Hearing Officer here, and respondent has essentially conceded this much. Thus, while respondent maintains that this is a regulatory violation for which remittal is appropriate, we find that the circumstances presented give rise to a constitutional violation for which expungement is the proper remedy (see Matter of Gross v Prack, 127 AD3d at 1533; Matter of Moye v Fischer, 93 AD3d at 1007; Matter of Hill v Selsky, 19 AD3d at 67-68; compare Matter of Alvarez v Goord, 30 AD3d 118, 121 [2006]).

Peters, P.J., McCarthy, Devine and Clark, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record and restore any loss of good time.

ENTER:

Robert D. Mayberger
Clerk of the Court