■ In the Matter of MILTON PAYNE, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of the New York State Department of Correctional Services, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

In addition to asserting a lack of substantial evidence to support the determination finding him guilty of violating

certain prison disciplinary rules, petitioner claims that a number of procedural errors in the conduct of the disciplinary hearing violated his due process rights and the requirements of respondent's regulations. As to the substantial evidence claim, the misbehavior report and the testimony of the correction officer who prepared that report provided an adequate evidentiary basis for the determination *(see, Matter of Bernacet v Coughlin,* 145 AD2d 802, *lv denied* 74 NY2d 603). As to petitioner's procedural arguments, we find that the numerous requests and claims made by petitioner during the hearing were considered by the Hearing Officer and, for the most part, were disposed of in accordance with petitioner's rights and the relevant regulations. We do find error, however, in the Hearing Officer's denial of petitioner's request to call as a witness the correction officer who prepared the inmate assistance form which indicated that petitioner had waived his right to employee assistance.

At the beginning of the hearing, the Hearing Officer advised petitioner that the record reflected petitioner's waiver of the right to have formal assistance provided and he asked petitioner if that was correct. Petitioner replied that it was not correct and that he had never been asked if he wanted assistance. The Hearing Officer stated that he had a form signed by a correction officer which indicated that petitioner had refused to select an assistant and had waived his right to assistance. Based upon the form, the Hearing Officer found that petitioner had waived this right. Petitioner then asked that the correction officer who signed the form be called as a witness. The Hearing Officer denied the request on the ground that the witness's testimony would be irrelevant since the form itself was sufficient to establish petitioner's waiver. An examination of the form reveals a check mark preceding the statement, "I waive my rights to select an assistant." The space provided for the inmate's signature contains the written notation, "Refused to sign," followed by the correction officer's signature. Petitioner's name appears nowhere on the form.

The testimony of the correction officer who signed the form is clearly relevant to the question of whether petitioner knowingly and voluntarily waived his right to an employee assistant *(see, Matter of Wong v Coughlin,* 138 AD2d 899, 901). It was, therefore, error to refuse to call the officer *(see, Matter of Mason v LeFevre,* 115 AD2d 922). In these circumstances, the appropriate remedy is to remit the matter for a new hearing *(see, Matter of Shipman v Coughlin,* 98 AD2d 823). Since the procedural error relates only to the collateral issue of whether

petitioner knowingly and voluntarily waived his right to an employee assistant, the new hearing can be limited to that issue. In the event that the correction officer testifies, as requested by petitioner, and that testimony establishes a knowing and intelligent waiver by petitioner, respondent may then adhere to the original determination.

Determination annulled, with costs, and matter remitted to respondent for further proceedings not inconsistent with this court's decision. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.