■ In the Matter of KERWIN JOHNSON, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [669 NYS2d 434] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a State prison inmate, was found guilty of assaulting another inmate and possessing a weapon in violation of prison regulations. Petitioner was assessed a penalty of confinement in the special housing unit and loss of certain privileges. Following an unsuccessful administrative appeal, petitioner commenced this proceeding challenging the determination.

As an inmate charged with violating prison disciplinary rules which subjected him to the possibility of loss of good time credit, petitioner is entitled to minimal due process protection including "a conditional right to call witnesses when that will not be unduly hazardous to institutional safety or correctional goals" (*Matter of Laureano v Kuhlmann*, 75 NY2d 141, 146; *see*, 7 NYCRR 254.4). Here, the record reveals that petitioner requested inmate Roger Summers as a potential witness. Summers apparently refused to testify, as reflected on the employee assistant's form where a "no" was checked off in the column next to Summers' name asking whether he agreed to testify.

During the hearing petitioner asked about Summers and why he had not been brought to the hearing. The Hearing Officer stated that Summers had refused the employee assistant's request to testify but that he had not ascertained the reason for such refusal, and the record contains no witness refusal form or other explanation for Summers' alleged refusal to testify.

The hearsay report of a correction official that a witness refuses to testify, without more, will not justify denial of an inmate's conditional right to call witnesses and therefore the employee assistant's form indicating the potential witness's refusal to testify, without more, is similarly inadequate (*see, Matter of Barnes v LeFevre*, 69 NY2d 649, 650). Absent any effort by the Hearing Officer to personally ascertain the reason for Summers' refusal to testify, we conclude that petitioner's constitutional right to call witnesses was denied (*see, Matter of Brodie v Selsky*, 203 AD2d 671; *Matter of Contras v Coughlin*, 199 AD2d 601). In view of the foregoing, we need not address petitioner's remaining contentions.

Mikoll, J. P., Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references to this proceeding from petitioner's institutional records and to restore any good time taken from petitioner as a result thereof.