■ In the Matter of IAN DAWES, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, New York State Department of Correctional Services, Respondent. [730 NYS2d 563] —Mugglin, J. Proceeding pursuant to CPLR article 78 (trans-

---

ferred to this Court by order of the Supreme Court, entered in Albany County) to review three determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules and a fourth determination which denied a grievance.

Petitioner commenced this CPLR article 78 proceeding to challenge the results of three tier III disciplinary proceedings and the denial of his grievance regarding a Freedom of Information Law request for copies of his medical records. After transfer of the proceeding to this Court, petitioner filed a brief in which he has abandoned any substantial evidence claim and has focused instead on alleged procedural errors in two of the disciplinary hearings and on the denial of his grievance.

Contrary to petitioner's claim regarding the grievance, he was not denied copies of his medical records based upon his inability to pay for them. Rather, the denial was based upon petitioner's refusal to sign a form which would encumber his inmate account for the cost of the copies of his records, a condition which is not inconsistent with Public Health Law § 18 (2) (e). Accordingly, there is no merit to petitioner's challenge to the denial of his grievance. We reach a different conclusion, however, with regard to petitioner's claim that he was improperly denied witnesses at two of the disciplinary hearings.

Petitioner refused to attend both of the hearings but, for each hearing, he requested that his assistant interview a number of potential witnesses and he submitted a written statement for each Hearing Officer's consideration. With regard to the first hearing, petitioner's statement specifically requested that each of his witnesses "testify as to their personal knowledge of [the] incident." Two of the witnesses identified by petitioner were inmates who occupied cells near petitioner's cell. The Hearing Officer refused to call the inmates because they were in their cells and could not see into petitioner's cell where he allegedly kicked a correction officer. The charges under consideration at the hearing, however, also included allegations of misconduct that occurred outside petitioner's cell and allegations of verbal harassment and threats that occurred both in and outside his cell. There is nothing in the record to demonstrate that the requested inmates could not have seen the vicinity outside petitioner's cell where some of the misconduct allegedly occurred or that they could not have heard any of the verbal aspects of the incident.

Contrary to respondent's contentions, we are of the view that this case is distinguishable from those where an inmate identi-

fies potential witnesses on an assistance form but then fails to request the witnesses at the hearing (*see, Matter of Hodge v Goord*, 280 AD2d 767) or where an inmate's refusal to attend the hearing results in a forfeiture of procedural objections (*see, Matter of Cunningham v Goord*, 274 AD2d 814). Petitioner's written submission requested the witnesses and the Hearing Officer properly considered the merits of the request. However, in the absence of any support in the record for the Hearing Officer's conclusion that the two inmate witnesses could not provide relevant testimony, petitioner was denied the right to call witnesses and, therefore, the determination must be annulled (*see, Matter of Gonzalez v Mann*, 186 AD2d 326; *Matter of Torres v Coughlin*, 166 AD2d 793).

With regard to the other hearing, the assistance form indicated that one of the potential inmate witnesses identified by petitioner refused to testify and petitioner's written statement submitted at the hearing objected to the denial of that witness based on the form. In these circumstances, the Hearing Officer's failure to make any effort to ascertain the reason for the inmate's refusal to testify resulted in the denial of petitioner's right to call witnesses and, therefore, the determination must be annulled (*see, Matter of Johnson v Goord*, 247 AD2d 801; *Matter of Contras v Coughlin*, 199 AD2d 601).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determinations on misbehavior reports dated January 13, 2000 and February 10, 2000 are annulled, without costs, petition granted to that extent and respondent is directed to expunge all references to these matters from petitioner's institutional record. Adjudged that the determinations on the misbehavior report dated March 24, 2000 and on petitioner's grievance are confirmed, without costs.