■ In the Matter of SHAWN MARTINEZ, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [789 NYS2d 337]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered February 5, 2004 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Following a disciplinary hearing and unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating the prison disciplinary rules that prohibit assaults, fighting, possession of a weapon and violent conduct stemming from his role in the stabbing of a fellow inmate. Supreme Court dismissed the petition and this appeal ensued.

Petitioner contends that the Hearing Officer failed to ascertain the reason why two witnesses declined to testify and to issue a witness refusal. As reflected on the employee assistant form, two witnesses who petitioner requested be interviewed by the employee assistant refused to testify at the hearing. Contrary to respondent's assertion that petitioner waived his right to call the witnesses by not timely objecting at the hearing, the record reflects that petitioner in fact requested the testimony of at least one of these witnesses at the hearing, indicating that the witness, who was the victim of the assault, was necessary to prove his innocence. In response, the Hearing Officer noted that because the employee assistant form indicated the witness's unwillingness to testify, there was nothing he could do to procure the witness's testimony.

It is well settled that "[t]he hearsay report of a correction officer that a witness refuses to testify unaccompanied by any reason from the witness proffered to the hearing officer for such refusal is not a sufficient basis upon which an inmate's conditional right to call witnesses can be summarily denied" (*Matter of Barnes v LeFevre*, 69 NY2d 649, 650 [1986]; *see Matter of Dawes v Selsky*, 286 AD2d 806, 808 [2001]; *Matter of Moore v Goord*, 281 AD2d 736, 737 [2001]; *Matter of Johnson v Goord*, 247 AD2d 801, 802 [1998]). Here, because the Hearing Officer relied strictly on the notation on the employee assistant form without providing petitioner with any explanation as to the validity of the witness's refusal, we find that petitioner was denied his right to call a witness as provided by 7 NYCRR 254.5 (*see id.*).

Under the circumstances presented here, where petitioner does not dispute that the evidence in the record was sufficient to sustain the determination, the appropriate remedy is to remit the matter for a new hearing in which petitioner should be provided with the reason for the witness's refusal to testify (*see Matter of Laureano v Kuhlmann*, 75 NY2d 141, 148-149 [1990]; *Matter of Payne v Coughlin*, 160 AD2d 1108, 1109-1110 [1990]; *Matter of Shipman v Coughlin*, 98 AD2d 823, 824 [1983]; *cf. Matter of Hartje v Coughlin*, 70 NY2d 866, 868 [1987]).

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination annulled, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.