■ In the Matter of ANDREW PRATT, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [799 NYS2d 611]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered August 30, 2004 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.

Petitioner, after exhausting his administrative remedies, commenced this CPLR article 78 proceeding challenging the denial of a grievance he filed claiming that he was being denied access to his medical records because he cannot afford the inspection and copy fees imposed by the Department of Correctional Services (hereinafter DOCS). Supreme Court dismissed the petition and we affirm.

DOCS' policy imposing the inspection and copy fees makes clear that an inmate has a right of access to view and/or obtain

a copy of his or her health record and that access shall not be denied solely because of the inability to pay. Petitioner's related claim that he was entitled to access his medical records under the Freedom of Information Law is equally unavailing as the provisions of Public Health Law § 18 govern any effort by petitioner to inspect or copy his medical records (*see Matter of Dawes v Selsky*, 286 AD2d 806, 807 [2001]). Public Health Law § 18 (2) (e) expressly states that a provider may impose a reasonable charge for all inspections and copies, not exceeding the actual costs incurred. Moreover, the record reflects that DOCS' policy regarding the applicable charges are well within the parameters established by Public Health Law § 18 (2) (e). Petitioner's remaining arguments have been examined and found to be without merit.

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.