■ In the Matter of ANDREW ROBINSON, Appellant, v BRIAN FISCHER, Commissioner, New York State Department of Correctional Services, Respondent. [892 NYS2d 698]—

We agree with petitioner that the Hearing Officer's failure to make any attempt to ascertain the reason for the refusal of the witness to testify violated petitioner's rights under 7 NYCRR 254.5 (a) (*see e.g. Matter of Barnes v LeFevre*, 69 NY2d 649, 650 [1986]; *Matter of Alvarez v Goord*, 30 AD3d 118 [2006]; *Matter of Martinez v Goord*, 15 AD3d 737, 738 [2005]). "Under the circumstances presented here, where petitioner does not dispute that the evidence in the record was sufficient to sustain the determination, the appropriate remedy is to remit the matter for a new hearing in which petitioner should be provided with the reason for the witness's refusal to testify" (*Martinez*, 15 AD3d at 738; *see Alvarez*, 30 AD3d at 120-121). As noted, petitioner pleaded guilty to the charge of creating a disturbance and we therefore confirm the determination with respect to that charge. We also confirm the determination with respect to the charge of interfering with an employee inasmuch as that conduct occurred after the assault, and we agree with respondent that the witness would not have had relevant testimony to offer on that charge. We therefore modify the judgment by granting the petition in part, annulling those parts of the determination finding that petitioner violated inmate rules 100.10 and 104.11 and by vacating the recommended loss of good time, and we remit the matter to respondent for a new hearing on the remaining two charges and for reconsideration of the recommended loss of good time. Present—Hurlbutt, J.P., Martoche, Smith, Carni and Pine, JJ.