In the Matter of REGINALD McFADDEN, Appellant, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [937 NYS2d 702]—

Stein, J.

Initially, we note that petitioner affirmatively waived any contention that the determination was not supported by substantial evidence. Moreover, it is unpreserved for this Court's review because petitioner did not raise such issue in his petition (*see Matter of Cole v Goord*, 47 AD3d 1147 [2008]). In addition, we find that the authorization from the superintendent to open and read his outgoing mail was consistent with departmental regulations (*see* 7 NYCRR 720.3 [e] [1]; *Matter of Montes v Bezio*, 79 AD3d 1567, 1568 [2010], *lv granted* 16 NY3d 849 [2011]).

Turning to petitioner's procedural contentions, we find that he received adequate employee assistance where he was provided with all requested documentation that was not deemed confidential and his assistant interviewed all of the witnesses that petitioner requested (*see Matter of Jackson v Fischer*, 87 AD3d 775, 775-776 [2011]; *Matter of Hernandez v Bezio*, 73 AD3d 1406, 1407 [2010]). We also reject petitioner's claim of hearing officer bias; a review of the record demonstrates that the finding of guilt was premised on the evidence presented at the hearing (*see Matter of Argentieri v Fischer*, 87 AD3d 1242, 1242-1243 [2011]).

However, we do find merit in petitioner's argument that the Hearing Officer erred in failing to make an effort to ascertain the reasons that inmates Sonberg and Freeman refused to testify. When petitioner requested those inmates' testimony at the hearing, the Hearing Officer noted that the employee assistance form indicated that both were unwilling to testify. However, that notation alone was not a sufficient basis to summarily deny petitioner's right to call those witnesses and, thus, it was incumbent upon the Hearing Officer to attempt to validate the reasons for their refusals (*see Matter of Robinson v Fischer*, 68 AD3d 1687, 1687-1688 [2009]; *Matter of Martinez v Goord*, 15 AD3d 737, 738 [2005]). Inasmuch as this amounted to a regulatory violation of petitioner's right to call witnesses,

the matter must be remitted for a new hearing (*see Matter of Santiago v Fischer*, 76 AD3d 1127, 1127 [2010]; *Matter of Alvarez v Goord*, 30 AD3d 118, 121 [2006]; *Matter of Martinez v Goord*, 15 AD3d at 738).

Petitioner's remaining contentions have been examined and found to be either unpreserved or without merit.

Lahtinen, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination annulled, and matter remitted to the Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision.