■ In the Matter of BERNARD PITTS, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [948 NYS2d 923]—

Appeal from a judgment of the Supreme Court (Connolly, J.), entered October 4, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

As the result of an interaction with a female correction officer, petitioner, an inmate, was found guilty of violating several prison disciplinary rules. Petitioner's administrative appeal was unsuccessful and he thereafter commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and petitioner now appeals.

We reverse. At the hearing, petitioner requested the testimony of a putative eyewitness. In response, the Hearing Officer merely noted that the employee assistance form indicated that the witness was unwilling to testify and no further explanation concerning his refusal to testify appears in the record. Inasmuch as "the record does not reflect any reason for the witness' refusal to testify, or that any inquiry was made of him as to why he refused or that the hearing officer communicated with the witness to verify his refusal to testify, there has been a denial of the inmate's right to call witnesses as provided in the regulations" (*Matter of Barnes v LeFevre*, 69 NY2d 649, 650 [1986]; *see* 7 NYCRR 254.5 [a]; *Matter of McFadden v Bezio*, 92 AD3d 988, 989 [2012]; *Matter of Martinez v Goord*, 15 AD3d 737, 738 [2005]; *Matter of Dawes v Selsky*, 286 AD2d 806, 808 [2001]; *Matter of Johnson v Goord*, 247 AD2d 801, 802 [1998]). Thus, we must annul respondent's determination and remit for a new

hearing (*see Matter of Alvarez v Goord*, 30 AD3d 118, 121 [2006]).

Mercure, J.P., Rose, Spain, Stein and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination annulled, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.