In the Matter of TORRANCE DICKERSON, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [962 NYS2d 823]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner was found guilty of possession of contraband, smuggling, possession of drugs and violating facility visiting procedures. The determination was affirmed on administrative review with a modified penalty, prompting the commencement of this CPLR article 78 proceeding.

When petitioner requested that a fellow inmate testify at the disciplinary hearing, the Hearing Officer merely noted that the witness had informed petitioner's employee assistant that he refused to testify. Such a notation by the Hearing Officer, without any attempt to determine the reason for the witness's refusal, is not a sufficient basis upon which to deny petitioner's right to call the witness (see Matter of Pitts v Fischer, 98 AD3d 762, 762 [2012]; Matter of McFadden v Bezio, 92 AD3d 988, 989 [2012]). Inasmuch as this constitutes a regulatory violation, the appropriate remedy is to remit the matter for a new hearing (see Matter of McFadden v Bezio, 92 AD3d at 989-990; Matter of Alvarez v Goord, 30 AD3d 118, 121 [2006]; Matter of Martinez v Goord, 15 AD3d 737, 738 [2005]). In light of our determination, we need not address petitioner's remaining claims.

Peters, P.J., Stein, Spain and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.