■ In the Matter of PATRICK SORRENTINO, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [964 NYS2d 918]—

Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Albany County), to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

After a correction officer found heroin in petitioner's room, he was found guilty of violating a prison disciplinary rule. His administrative appeal was unsuccessful, and this CPLR article 78 proceeding ensued.

We annul. Petitioner requested the testimony of three witnesses who shared a room with him. The Hearing Officer stated that inmate refusal forms for all three had been signed by the employee assistant, but not by the inmates, and that no explanations were given for their refusal to testify. Because the record does not contain any reason for the witnesses' refusal or indicate that the Hearing Officer attempted to verify their refusal, petitioner's regulatory right to call witnesses has been violated (*see* 7 NYCRR 254.5 [a]; *Matter of Barnes v LeFevre*, 69 NY2d 649, 650 [1986]; *Matter of Pitts v Fischer*, 98 AD3d 762, 762 [2012]). Accordingly, we must annul the determination and remit for a new hearing (*see Matter of Abdur-Raheem v Prack*, 98 AD3d 1152, 1153 [2012]; *Matter of Pitts v Fischer*, 98 AD3d at 762-763).

Rose, J.P., Lahtinen, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.