# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

90

TP 13-01112

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF JARVIS ELDER, PETITIONER,

V                                                    MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered June 18, 2013) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously annulled on the law without costs, the amended petition is granted and respondent is directed to expunge from petitioner's institutional record all references to the violation of inmate rules 116.10 (7 NYCRR 270.2 [B] [17] [i]) and 116.12 (7 NYCRR 270.2 [B] [17] [iii]).

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated inmate rules 116.10 (7 NYCRR 270.2 [B] [17] [i] [stealing]) and 116.12 (7 NYCRR 270.2 [B] [17] [iii] [forgery]), relating to his alleged forgery of another inmate's name on certain disbursement forms. We agree with petitioner that the determination is not supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139), and we therefore grant the amended petition, annul the determination and direct that all references to the matter be expunged from petitioner's record. Although a misbehavior report may by itself constitute substantial evidence of guilt (*see id.* at 140-141), here the misbehavior report was based upon the belief of the sergeant who authored it that petitioner forged another inmate's signature on certain disbursement forms, and there is no indication in the misbehavior report that the sergeant showed the other inmate the disbursement forms or that the other inmate claimed that it was not his signature on the forms. There likewise was no

evidence to that effect presented at the hearing.  Although five of the seven disbursement forms bear the stamp "inmate identification verified hall capt.," those correction officers were not identified in the misbehavior report and their signatures are obscured by the stamp on the top copy of the triplicate disbursement form.  Indeed, we note that the record establishes that petitioner requested that those correction officers be identified by using copies in the triplicate disbursement form and that they be called as witnesses at the hearing. The hearing, however, concluded without compliance with petitioner's request.  Indeed, we note that the Hearing Officer indicated that the signatures of the hall captains were illegible and thus unidentifiable, even by those officers in the block to whom the Hearing Officer had spoken, but nevertheless agreed to "try" to comply with petitioner's request to call those witnesses.  The record does not reflect any efforts made by the Hearing Officer to do so.

We further agree with petitioner that he was denied meaningful employee assistance and was prejudiced by the inadequate assistance he received.  Thus, at a minimum, petitioner would have been entitled to a new hearing in any event (*see Matter of Bellamy v Fischer*, 87 AD3d 1217, 1218).  Petitioner objected to the assistance provided to him, complaining that the assistant did not bring him copies of the documents being used against him and that the assistant did not want to help him.  "When the inmate is unable to provide names of potential witnesses, but provides sufficient information to allow the employee [assistant] to locate the witnesses 'without great difficulty[,'] failure to make any effort to do so constitutes a violation of the meaningful assistance requirement" (*Matter of Velasco v Selsky*, 211 AD2d 953, 954).  The record fails to set forth what efforts, if any, the employee assistant made to ascertain the names of the correction officers who signed the disbursement forms and what measures, if any, the assistant took to secure their presence at the hearing.  Under the circumstances, it cannot be said that "reasonable efforts were made to locate petitioner's witnesses" (*Matter of Davila v Selsky*, 48 AD3d 846, 847).

Furthermore, petitioner was denied the right to call a witness, i.e., the other inmate, as provided in the regulations (*see Matter of Barnes v LeFevre*, 69 NY2d 649, 650; *Matter of Robinson v Fischer*, 68 AD3d 1687, 1688).  "The hearsay report of a correction officer that a witness refuses to testify unaccompanied by any reason from the witness proffered to the [H]earing [O]fficer for such refusal is not a sufficient basis upon which an inmate's conditional right to call witnesses can be summarily denied" (*Barnes*, 69 NY2d at 650).

Entered:  March 21, 2014                          Frances E. Cafarell
                                                  Clerk of the Court