# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1095**
**TP 14-00430**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF NATHANIEL C. PARARA, PETITIONER,

V                                        MEMORANDUM AND ORDER

MICHELLE A. ARTUS, SUPERINTENDENT,
LIVINGSTON CORRECTIONAL FACILITY, RESPONDENT.

---

NATHANIEL C. PARARA, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (J. RICHARD BENITEZ OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Livingston County [Dennis S. Cohen, A.J.], entered March 6, 2014) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law without costs, the petition is granted and respondent is directed to expunge from petitioner's institutional record all references to the violation of inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i]) and 118.30 (7 NYCRR 270.2 [B] [19] [viii]).

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul that part of the determination, following a tier II disciplinary hearing, that he violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusing a direct order]) and 118.30 (7 NYCRR 270.2 [B] [19] [viii] [untidy cell]). We agree with petitioner that the determination that he violated those disciplinary rules is not supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139), and we therefore modify the determination accordingly. "Although a misbehavior report may by itself constitute substantial evidence of guilt" (*Matter of Elder v Fischer*, 115 AD3d 1177, 1177; *see Vega*, 66 NY2d at 140), here the misbehavior report failed to establish that petitioner refused a direct order or that his cube was in any way untidy. There was likewise no evidence to that effect presented in the transcribed portions of the disciplinary hearing. At most, the evidence established that petitioner left property on top of his locker, the location of which was never disclosed. When petitioner thereafter questioned the absence of his property and received an unsatisfactory answer, he asked to speak with a sergeant. The misbehavior report alleges that, after he was told of

a delay in speaking with the sergeant, petitioner yelled that he wanted to see the sergeant immediately.  At that point, petitioner was ordered "to go to his cube[] and be quiet[,] which he did."  There is thus no evidence that petitioner refused a direct order or that his cube was untidy.

Based on our determination, we do not address petitioner's remaining contentions.

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court