■ WILLIAM DIAZ et al., Appellants, v NEW YORK STATE CATHOLIC HEALTH PLAN, INC., Doing Business as FIDELIS CARE NEW YORK, et al., Respondents. [18 NYS3d 866]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered May 19, 2014, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss all the retaliation claims under the New York City Human Rights Law (City HRL) and the retaliation claims of all plaintiffs but Llyaseni Martinez under Labor Law § 740, unanimously affirmed, without costs.

Plaintiffs Elsa Martinez's and Anna Moscoso's detailed retaliation claims under the City HRL fail to allege facts establishing "the requisite causal nexus between the protected activity and the adverse action" (*Herrington v Metro-North Commuter R.R. Co.*, 118 AD3d 544, 545 [1st Dept 2014]). The remaining plaintiffs' generalized claims for retaliation under the City HRL fail to allege facts establishing "when the alleged retaliatory incidents occurred or how those incidents were causally connected to any protected activity" (*see Whitfield-Ortiz v Department of Educ. of City of N.Y.*, 116 AD3d 580, 581 [1st Dept 2014]).

The allegations that plaintiff Cynthia Rodriguez reported an assault and battery by a supervisor fail to state a claim under Labor Law § 740, the "Whistleblower" Law. Assault and battery by a supervisor is not "an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety, or which constitutes health care fraud" (Labor Law § 740 [2] [a]).

Plaintiffs assert a claim for retaliation under Labor Law § 215 for the first time on appeal, and we decline to consider it. Were we to consider this claim, we would find that it is insufficiently pleaded. Concur—Tom, J.P., Saxe, Richter and Gische, JJ.