██ REGINALD McFADDEN, Appellant, v DAVID V. AMODIO et al., Respondents. [52 NYS3d 538]—

Egan Jr., J. Appeal from an order of the Supreme Court (M. Walsh, J.), entered September 21, 2015 in Albany County, which, among other things, granted defendants' motion to dismiss the amended complaint.

Plaintiff was charged in two misbehavior reports with violating certain prison disciplinary rules; the February 2010 misbehavior report was authored by defendant David V. Amodio, and the October 2011 misbehavior report was authored by defendant Gregory Edgar—both of whom are employees of the Department of Corrections and Community Supervision (hereinafter DOCCS). Although plaintiff was found guilty of the various charges contained within those misbehavior reports, this Court reversed the determination of guilt that was based upon the February 2010 misbehavior report and remitted the matter for further proceedings (*Matter of McFadden v Bezio*, 92 AD3d 988 [2012]). In response, the determination of guilt was administratively reversed, and the matter was expunged from plaintiff's institutional record. Thereafter, the determination of guilt predicated upon the October 2011 misbehavior report also was administratively reversed.

Plaintiff commenced this action alleging, among other things, that the subject misbehavior reports were false and had been filed by Amodio and Edgar in retaliation for plaintiff's exercise of certain constitutionally protected rights. Plaintiff further alleged various claims against defendant Albert Prack, DOCCS's Director of Special Housing and Inmate Disciplinary Programs, and defendant Anthony J. Annucci, DOCCS's Acting Commissioner—generally contending that he had been denied due process relative to the administrative reversal and/or expungement of the disciplinary determinations at issue. Supreme Court granted defendants' subsequent motion to dismiss plaintiff's amended complaint, finding that plaintiff's claims were either time-barred or failed to state a cause of action. This appeal by plaintiff ensued.

We affirm. "On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a claim, we must afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the nonmoving party the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory" (*NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc.*, 141 AD3d 785, 787-788 [2016] [internal quotation marks, brackets and citations omitted]; *see Maki v Bassett Healthcare*, 141 AD3d 979, 980 [2016], *appeal dismissed, lv dismissed and lv denied* 28 NY3d 1130 [2017]). With respect to plaintiff's 42 USC § 1983 claims against Amodio, we agree with Supreme Court that, even assuming—without deciding—that plaintiff's amended complaint alleged causes of action upon which relief could be granted, plaintiff's retaliation and access-to-court claims are barred by the three-year statute of limitations (*see e.g. Higgins v City of New York*, 144 AD3d 511, 512 [2016]; *Matter of Resnick v Town of Canaan*, 38 AD3d 949, 953 [2007]). The misbehavior report authored by Amodio was delivered to plaintiff on or about February 17, 2010, at which time plaintiff knew or should have known that he was aggrieved. Accordingly, plaintiff's claims against Amodio—as set forth in the 2014 complaint and amended complaint—are untimely. Additionally, the continuous violation doctrine is of no aid to plaintiff here, as the allegedly false misbehavior report and its use at the 2010 disciplinary hearing "constitute single and distinct events" (*Thomas v City of Oneonta*, 90 AD3d 1135, 1136 [2011]).

As for plaintiff's retaliation claim against Edgar, plaintiff's amended complaint "fail[ed] to allege facts establishing the requisite causal nexus between the protected activity and the adverse action" (*Diaz v New York State Catholic Health Plan,*

*Inc.*, 133 AD3d 473, 474 [2015] [internal quotation marks and citation omitted]; *see Whitfield-Ortiz v Department of Educ. of City of N.Y.*, 116 AD3d 580, 581 [2014]). In light of plaintiff's conclusory allegations in this regard, his claims against Edgar were properly dismissed for failure to state a cause of action.

Finally, even assuming that plaintiff's due process claims against Prack and Annucci are not moot (*see generally Matter of Simmons v Kirkpatrick*, 142 AD3d 1245, 1245 [2016]), we agree with Supreme Court that such claims must be dismissed. The disciplinary determinations at issue have been administratively reversed and expunged from plaintiff's institutional record. As such, we are unable to discern how plaintiff's due process rights were violated in the context of what proved to be the favorable administrative and/or appellate review of those determinations. Plaintiff's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur. Ordered that the order is affirmed, without costs.