Matter of White v Annucci (2018 NY Slip Op 03585)





Matter of White v Annucci


2018 NY Slip Op 03585


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

525451

[*1]In the Matter of EQUARN WHITE, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: April 3, 2018

Before: Garry, P.J., McCarthy, Devine, Rumsey and Pritzker, JJ.


Equarn White, Auburn, appellant pro se.
Barbara D. Underwood, Acting Attorney General, Albany (Allyson B. Levine of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Cholakis, J.), entered June 19, 2017 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner was charged in a misbehavior report with fighting, creating a disturbance and violent conduct following an incident in the mess hall in which he was observed punching another inmate. At the tier II disciplinary hearing, petitioner pleaded guilty with an explanation. He was found guilty as charged and a penalty was imposed, which included 30 days in keeplock, and the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the disciplinary determination and also raising allegations regarding an unrelated denial of a request
for information under the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]). Respondent moved to dismiss for failure to state a cause of action, prior to answering, which petitioner opposed. Supreme Court granted respondent's motion and dismissed the petition, and petitioner appeals.
We affirm. On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a claim, the facts as alleged by petitioner in the pleading are accepted as true, and the court must "determine whether the facts as alleged fit within any cognizable legal theory" (McFadden v Amodio, 149 AD3d 1282, 1283 [2017] [internal quotation marks and citations omitted]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). With regard to petitioner's claim that the Hearing Officer should have credited the time he spent in prehearing confinement after the incident (six [*2]days) against the 30-day keeplock penalty imposed at the hearing, it is well-established that he was not entitled to such credit (see Matter of Jackson v Annucci, 159 AD3d 1204, 1206 [2018]; Oppenheimer v State of New York, 152 AD3d 1006, 1009 [2017]). There is likewise no basis for his claim that he was denied the right to call witnesses to present evidence to mitigate the penalty (see 7 NYCRR 253.5). As the prison disciplinary record establishes, petitioner made no requests for witnesses prior to or at the hearing, and he submitted no evidence to the contrary in opposition to the motion (compare Matter of Henry v Fischer, 28 NY3d 1135, 1136, 1138 [2016]). Thus, any claim in this regard is unpreserved and not properly raised in a CPLR article 78 proceeding (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2007]; Matter of Wilson v Annucci, 148 AD3d 1281, 1282 [2017]). Notwithstanding the liberal standard applicable to motions to dismiss (see Leon v Martinez, 84 NY2d at 87-88), "we are not obliged to accept allegations consisting of bare legal conclusions or factual claims flatly contradicted by documentary evidence as the basis for a valid claim" (Matter of Wir Assoc., LLC v Town of Mamakating, 157 AD3d 1040, 1042 [2018] [internal quotation marks, brackets and citations omitted]; see Myers v Schneiderman, 30 NY3d 1, 11 [2017]). Consequently, Supreme Court correctly determined that, as there is no cognizable theory to support petitioner's claims regarding the prison disciplinary
determination, he has no cognizable claim and respondent is entitled to dismissal of the petition to that extent (see Simkin v Blank, 19 NY3d 46, 52-55 [2012]; Matter of Sullivan Farms IV, LLC v Village of Wurtsboro, 134 AD3d 1275, 1277 [2015]).
We reach a similar conclusion with regard to petitioner's contentions addressed to respondent's failure to respond to his claimed FOIL request. In its motion to dismiss, respondent submitted an affidavit of the records coordinator for the Department of Corrections and Community Supervision attesting that, after a review, no record was found of petitioner's claimed FOIL request. Further, the coordinator asserted that when petitioner administratively appealed the nonresponse to his FOIL request, he was advised that no record of that request could be found and that he should resubmit the request. In response to the motion to dismiss, petitioner did not assert that he refiled his FOIL request when directed to do so, and merely submitted a sworn affidavit asserting that he had filed the original request. Under these circumstances, where petitioner failed to file a request when advised that no request could be found, petitioner failed to exhaust his administrative remedies (see Matter of Beaubrun v Annucci, 144 AD3d 1309, 1310-1311 [2016]). Thus, Supreme Court correctly determined that the petition did not state a cause of action related to this purported request, which could not be found, and respondent's motion to dismiss was properly granted.
Garry, P.J., McCarthy, Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.