Sakthivel v Industrious Staffing Co., LLC (2023 NY Slip Op 00044)

Sakthivel v Industrious Staffing Co., LLC

2023 NY Slip Op 00044

Decided on January 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023

Before: Kern, J.P., Oing, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 650435/20 Appeal No. 17094 Case No. 2021-01142 

[*1]Suba Sakthivel, Plaintiff-Appellant,
v
Industrious Staffing Company, LLC, Defendant-Respondent.

Suba Sakthivel, appellant pro se.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York (Fotini Karamboulis of counsel), for respondent.

Order, Supreme Court, New York County (Laurence L. Love, J.), entered January 7, 2021, which granted defendant Industrious Staffing Company, LLC's motion to dismiss the complaint in accordance with CPLR 3211(a)(7), unanimously affirmed, without costs.
Plaintiff pro se alleges that defendant unlawfully terminated her employment because she complained of safety law violations after being assaulted by a coworker, and that her complaints about the alleged violations constituted a protected activity under the Labor Law. Although plaintiff did not specify in the complaint which sections of the Labor Law her claims were based on, the parties agree that she intended to assert a claim for retaliation under Labor Law §§ 215 and 740. Further, plaintiff has premised her Labor Law § 215 claim on defendant's alleged violation of Labor Law § 200, "which codifies the common-law duty of an owner or employer to provide employees with a safe place to work" (Jock v Fien, 80 NY2d 965, 967 [1992]). Although she does not specifically assert a cause of action for intentional infliction of emotional distress, plaintiff does effectively assert it, alleging that she suffered severe mental anguish as a direct and proximate result of the unlawful termination.
Plaintiff does not state a cause of action for violation of Labor Law § 215(1)(a) by relying on Labor Law § 200. Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction workers with a safe worksite (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]). Plaintiff, as a staff accountant, does not fall within the class of workers protected by the Labor Law (see Maddox v City of New York, 108 AD2d 42, 46-48 [2d Dept 1985], affd 66 NY2d 270 [1985]).
Similarly, plaintiff fails to state a cause of action under Labor Law § 740. As noted, plaintiff's claim is based entirely on the alleged assault by her coworker, and this Court has held that an assault by a coworker does not constitute "an activity, policy, or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety" (Diaz v New York State Catholic Health Plan, Inc., 133 AD3d 473, 473 [1st Dept 2015], quoting Labor Law § 740[2][a]).
Plaintiff also fails to state a claim for intentional infliction of emotional distress, as she does not allege extreme and outrageous conduct that could be considered "utterly intolerable in a civilized community" (Howell v New York Post Co., 81 NY2d 115, 122 [1993][internal quotation marks omitted]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2023