Matter of Bright v Martuscello (2025 NY Slip Op 01538)

Matter of Bright v Martuscello

2025 NY Slip Op 01538

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

923 TP 24-01023

[*1]IN THE MATTER OF WILLIE BRIGHT, PETITIONER,
v
DANIEL F. MARTUSCELLO, III, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (DOUGLAS E. WAGNER OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Melissa Lightcap Cianfrini, A.J.], entered June 28, 2024) to review determinations of respondent. The determinations found after tier III hearings that petitioner violated various incarcerated individual rules. 
It is hereby ORDERED that the determination dated August 7, 2023, is unanimously annulled on the law without costs, the amended petition is granted in part, respondent is directed to expunge from petitioner's institutional record all references to the violation of incarcerated individual rule 107.11 (7 NYCRR 270.2 [B] [8] [ii]), and the matter is remitted to respondent for a new hearing as to the alleged violation of incarcerated individual rule 107.20 (7 NYCRR 270.2 [B] [8] [iii]); the determination dated August 8, 2023, is modified on the law and the amended petition is granted in part by annulling that part of the determination finding that petitioner violated incarcerated individual rules 107.10 (7 NYCRR 270.2 [B] [8] [i]) and 107.11 (7 NYCRR 270.2 [B] [8] [ii]), and vacating the penalty and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references to the violation of those incarcerated individual rules, and the matter is remitted to respondent for the imposition of an appropriate penalty on the remaining violation; the determination dated September 14, 2023, is annulled on the law without costs, the amended petition is granted in part, and respondent is directed to expunge from petitioner's institutional record all references to the violation of incarcerated individual rules 107.10 (7 NYCRR 270.2 [B] [8] [i]), 107.11 (7 NYCRR 270.2 [B] [8] [ii]), and 107.20 (7 NYCRR 270.2 [B] [8] [iii]) and the recommended loss of good time is vacated; the determination dated October 13, 2023, is confirmed without costs and the amended petition with respect to that determination is dismissed. 
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul four determinations, following four separate tier III hearings based on separate misbehavior reports, that he violated various incarcerated individual rules.
As respondent correctly concedes with respect to the August 7, 2023 determination, the finding that petitioner violated incarcerated individual rule 107.11 (7 NYCRR 270.2 [B] [8] [ii] [harassment]) is not supported by substantial evidence. We therefore grant the amended petition in part and annul that part of the determination finding that petitioner violated rule 107.11, and we direct respondent to expunge from petitioner's institutional record all references thereto. With respect to the finding that petitioner violated incarcerated individual rule 107.20 (7 NYCRR 270.2 [B] [8] [iii] [false statement]), we agree with petitioner that he was denied due process when the Hearing Officer refused to allow him an opportunity to view the video relied on [*2]by the author of the underlying misbehavior report. An incarcerated individual is "allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals" (Wolff v McDonnell, 418 US 539, 566 [1974]; see Matter of Hillard v Coughlin, 187 AD2d 136, 139 [3d Dept 1993], lv denied 82 NY2d 651 [1993]). Here, there was some confusion at the hearing as to the date on which the incident occurred, and petitioner initially requested a video from an earlier date. When petitioner realized the mistake, he requested the video from the correct date, i.e., the video on which the author of the misbehavior report relied in alleging that petitioner had made a false report of sexual harassment. The Hearing Officer refused on the ground that petitioner had already used his "one opportunity to ask for assistance." Inasmuch as the Hearing Officer did not "articulate institutional safety or correctional goals sufficient to justify denying petitioner's right to reply to evidence against him," a new hearing with respect to petitioner's alleged violation of rule 107.20 is required (Matter of Proctor v Annucci, 205 AD3d 1253, 1255 [3d Dept 2022]), and we remit to respondent for a new hearing. In light of our determination, we do not address petitioner's remaining challenges to the August 7, 2023 determination.
With respect to the August 8, 2023 determination, respondent correctly concedes that the finding that petitioner violated incarcerated individual rules 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference with employee]) and 107.11 should be annulled because it is not supported by substantial evidence. We note that, although respondent failed to issue a decision on petitioner's administrative appeal of that determination, " '[a]n administrative body's failure to render a decision on an administrative appeal does not necessarily preclude a party from obtaining judicial review of the underlying determination' " (Matter of Ayuso v Graham, 177 AD3d 1389, 1390 [4th Dept 2019]; see Matter of Meehan v Annucci, 144 AD3d 1278, 1279 [3d Dept 2016]). We therefore modify the determination by granting the amended petition in part and annulling that part of the determination finding that petitioner violated incarcerated individual rules 107.10 and 107.11, and we direct respondent to expunge from petitioner's institutional record all references to the violation of those rules. Because a single penalty was imposed for all three violations charged and the record fails to specify any relation between the violations and that penalty, we further modify the determination by vacating the penalty, and we remit the matter to respondent for imposition of an appropriate penalty on the remaining violation (see Matter of Colon v Fischer, 83 AD3d 1500, 1502 [4th Dept 2011]; Matter of Pena v Goord, 6 AD3d 1106, 1106-1107 [4th Dept 2004]).
As respondent correctly concedes, the September 14, 2023 determination must be annulled in its entirety because petitioner was denied his right to call witnesses (see Matter of Barnes v LeFevre, 69 NY2d 649, 650 [1986]; Matter of Elder v Fischer, 115 AD3d 1177, 1178 [4th Dept 2014]; see also 7 NYCRR 254.5 [a]).
The October 13, 2023 determination that petitioner violated incarcerated individual rule 113.10 (7 NYCRR 270.2 [B] [14] [i] [weapon]) is supported by substantial evidence, and we therefore confirm that determination.
Petitioner failed to exhaust his administrative remedies with respect to his remaining contention, and this Court thus "has no discretionary power to reach" it (Matter of Nelson v Coughlin, 188 AD2d 1071, 1071 [4th Dept 1992], appeal dismissed 81 NY2d 834 [1993]; see Matter of Gray v Annucci, 144 AD3d 1613, 1614 [4th Dept 2016], lv denied 29 NY3d 901 [2017]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court